UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

        Plaintiff,          **ORDER**
                                  Case No. 16-CR-474

  -against-

GENE BORRELLO,

        Defendant.
───────────────────────────────

**BLOCK, Senior District Judge:**

On February 27, the Court received a motion from non-party Jerry Capeci, requesting that the Court permit him to intervene in this case and unseal portions of documents related to alleged violations of supervised release ("VOSR") by Supervisee Gene Borrello. Specifically, Capeci seeks disclosure of portions of a series of reports prepared by the Probation Department detailing 12 VOSR charges filed against Borrello. The Court is in receipt of responses to Capeci's letter motion from Borrello, the Government, and Probation.

The Government does not object to disclosing the VOSR charges, as it believes they are already a matter of the public record, and defers to Probation's position as to the disclosure of their underlying reports. Probation objects to the disclosure of the reports on the basis that they include information about victims and Borrello, as well as charges the Court has yet to address. Borrello objects to

1

disclosure on the basis that it could compromise his safety because of his previous cooperation with the Government.

Probation maintains that internal reports such as those at issue here are excluded from the requirements of the Freedom of Information Act and the Privacy Act. Because probation officers serve as subordinate agents of district courts under 18 U.S.C. § 3602 and their reports are prepared on the court's behalf, they are confidential by default, and it is within a district court's discretion whether to disclose them. *See U.S. v. Charmer Industries*, 711 F.2d 1164, 1175 (2d Cir. 1983) (holding that releasing a pre-sentence report to a third party is permissible only upon "a compelling demonstration that disclosure of the report is required to meet the ends of justice").

Capeci appears only to request disclosure of the actual charges Borrello faces, and not any supporting evidence or other details included in the reports. Because Borrello's VOSR charges are a matter of public concern, and Capeci requests only the bare, mostly legalistic charges Borrello faces, disclosure is in the interest of justice. It is therefore ordered that Capeci's motion to intervene and unseal the charges is granted. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding that "a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper"); *see also* November 25, 2020 Order, *United States v. Rubeo*, No. 12-cr-260 (Nov. 25, 2020).

The Probation Office is respectfully directed to docket the Supplemental Charges To Violation of Supervised Release Reports dates September 27, 2021 (Dkt. No. 47), September 12, 2022 (Dkt. No. 57), and January 20, 2023 (Dkt. No. 60), after redacting all portions save for the brief descriptions of charges three through sixteen that Borello now faces—the only portions to be left unredacted are those sections set off by labels such as "Charge Three:." All other portions of each document, including the sections labeled "Evidentiary Support" under each charge, shall be redacted. The Clerk of Court is respectfully directed to update the docket to reflect Capeci's intervenor status in accordance with this Order.

**SO ORDERED.**

                                                                                         /S/ Frederic Block
                                                                                        FREDERIC BLOCK
                                                                                        Senior United States District Judge

Brooklyn, New York
March 13, 2023